**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1628**

LONNIE GILLILAND, On behalf of themselves and all others similarly situated; DONNA RAWLINGS, On behalf of themselves and all others similarly situated; COREY WASHINGTON, On behalf of themselves and all others similarly situated; MELECKA RILEY, On behalf of themselves and all others similarly situated; PATINA SCOTT; MARY THOMPSON; JUDITH M. DAVIS; AMY J. ELY; EVELYN F. DAVIS; SHARON FORD; AMOS GROSS; LESSTHAN S. WILLIAMS; TERRY HOFF; LISA K. WENFIELD; SALANNA TRAVIS,

        Plaintiffs - Appellees,

      v.

THE BOARD OF EDUCATION OF CHARLES COUNTY; JAMES E. RICHMOND, Individually and as Superintendent of Charles County Public Schools; KEITH A. HETTEL, Individually and as Assistant Superintendent for Human Resources; CHARLES L. WINELAND, Individually and as Assistant Superintendent for Supporting Services,

        Defendants – Appellants,

      and

CHARLES COUNTY PUBLIC SCHOOL BOARD; ROBERTA S. WISE, Individually and as Members of the Charles County Public School Board; MAURA H. COOK, Individually and as Members of the Charles County Public School Board; JENNIFER S. ABELL, Individually and as Members of the Charles County Public School Board; PATRICIA BOWIE, Individually and as Members of the Charles County Public School Board; MICHAEL K. LUKAS, Individually and as Members of the Charles County Public School Board; PAMELA A. PEDERSON, Individually and as Members of the Charles County Public School Board; DONALD M. WADE, Individually and as Members of the Charles County Public School Board; KOCH TRUCKING, INC., And all similarly situated bus contracting and operating entities; KELLER

TRANSPORTATION, INC.; ERNEST J. KELLER, JR.; ERNEST KELLER, III; RUTH E. KOCH, INC.; EDWIN A. KELLER BUS SERVICE INC.; H & H BUS SERVICE, INC., And all similarly situated bus contracting and operating entities,

Defendants.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. J. Frederick Motz, Senior District Judge. (8:11-cv-03073-JFM)

Argued: March 21, 2013                    Decided: April 26, 2013

Before TRAXLER, Chief Judge, SHEDD, Circuit Judge, and DAVID A. FABER, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.

Reversed and remanded by unpublished per curiam opinion.

**ARGUED:** Edmund J. O'Meally, PESSIN & KATZ, PA, Towson, Maryland, for Appellants. Scott A. Conwell, CONWELL LAW, LLC, Crofton, Maryland, for Appellees. **ON BRIEF:** Leslie R. Stellman, Andrew G. Scott, PESSIN & KATZ, PA, Towson, Maryland; Shani K. Whisonant, PESSIN & KATZ, PA, Columbia, Maryland, for Appellants.

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

The Board of Education of Charles County, Maryland ("the Board") and three high-level Board officials (collectively, "the Board Appellants") appeal a district court ruling that Maryland waived the Board Appellants' Eleventh Amendment immunity against a claim brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for up to $100,000 in damages. We reverse.

I.

Plaintiffs are bus drivers and bus attendants who were jointly employed by the Board and certain bus contractors. Plaintiffs brought suit against the Board Appellants and these bus contractors – who are not parties to this appeal – seeking to recover unpaid wages, including overtime wages, primarily on the basis of the FLSA. Plaintiffs allege that they were not paid for all of the hours that they worked. They also allege that they were required to work more than 40 hours per week during their joint employment and that they have not been paid overtime for the hours they worked in excess of 40 per week.

After Plaintiffs filed their complaint and before any of the defendants responded, Plaintiffs filed a motion for conditional class certification. The bus contractor defendants proceeded to answer the complaint, but the Board Appellants moved to dismiss. At the motions hearing that followed, the

3

district court conditionally certified the class. The court denied the Board Appellants' motion to dismiss the FLSA claim to the extent it sought damages of up to $100,000, concluding that Maryland had legislatively waived Eleventh Amendment immunity for an FLSA claim for damages up to that amount. However, the district court dismissed the claims against the named Board officials to the extent the claims were brought against them in their individual capacities and also dismissed the remaining claims against the Board Appellants, including a breach of contract claim, which the court ruled was preempted by the FLSA claims.

## II.

The Board Appellants argue that the district court erred in ruling that they are not entitled to Eleventh Amendment immunity against FLSA claims for damages of $100,000 or less. We agree.[*]

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

---

[*] A ruling that a state has waived its sovereign immunity from a damages claim is appealable under the collateral order doctrine. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 147 (1993); Madison v. Virginia, 474 F.3d 118, 123 (4th Cir. 2006). We therefore possess appellate jurisdiction over this interlocutory appeal.

4

Eleventh Amendment immunity protects unwilling states from suit in federal court. See Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). This immunity also protects "state agents and state instrumentalities," Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997), and Maryland school boards fit into that category, see Lee-Thomas v. Prince George's Cnty. Pub. Sch., 666 F.3d 244, 248 n.5 (4th Cir. 2012).

Nevertheless, state legislatures are authorized to enact statutory waivers of Eleventh Amendment immunity that apply to state agencies. See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675-76, 680 (1999). To constitute a valid Eleventh Amendment immunity waiver, a statute must waive the immunity "by the most express language or by such overwhelming implications from the text [of the statute] as will leave no room for any other reasonable construction." Edelman, 415 U.S. at 673 (alteration and internal quotation marks omitted). In the absence of an interpretation by the relevant state court of a statute purporting to waive Eleventh Amendment immunity, we must examine the statute ourselves and determine whether it satisfies this stringent test. See Lee-Thomas, 666 F.3d at 251; Virginia v. Reinhard, 568 F.3d 110, 114-17 (4th Cir. 2009). However, when the state's highest court has already applied this test to the

5

relevant statute, we must defer to that court's decision. See Lee-Thomas, 666 F.3d at 251. After all, "the whole point of that test, requiring a clear declaration by the State of its waiver, is to be certain that the State in fact consents to the suit." Id. (alterations and internal quotation marks omitted). If the state's highest court determines that the state has effected a valid legislative waiver, "the state's intent is just as clear as if the waiver were made explicit in the state statute." Della Grotta v. Rhode Island, 781 F.2d 343, 347 (1st Cir. 1986), abrogated on other grounds by Will, 491 U.S. at 71.

Two Maryland statutes appear relevant to our waiver issue. Section 12-201(a) of the State Government Article provides, as is relevant here:

> (a) Except as otherwise expressly provided by a law of the State, the State, its officers, and its units may not raise the defense of sovereign immunity in a contract action, in a court of the State, based on a written contract that an official or employee executed for the State or 1 of its units while the official or employee was acting within the scope of the authority of the official or employee.

Md. Code Ann., State Gov't § 12-201(a) (emphasis added). And, section 5-518 of the Courts and Judicial Proceedings Article provides, in relevant part:

> (b) A county board of education, described under Title 4, Subtitle 1 of the Education Article, may raise the defense of sovereign immunity to any amount claimed above the limit of its insurance policy or, if self-insured or a member of a pool described under § 4-

6

105(c)(1)(ii) of the Education Article, above $100,000.

(c) A county board of education may not raise the defense of sovereign immunity to any claim of $100,000 or less.

Md. Code Ann., Cts. & Jud. Proc. § 5-518(b), (c). The parties agree that § 12-201(a) could not waive Eleventh Amendment immunity in this case because it applies only in state court to cases that are based on written contracts. Since this case is being litigated in federal court and is not based on a written contract, any legislative waiver must derive from § 5-518. We therefore consider whether that statute applies.

Two cases in which the Maryland courts have interpreted § 5-518 bear on that statute's applicability. First, in Board of Education of Baltimore County v. Zimmer-Rubert, 973 A.2d 233 (Md. 2009), the Maryland Court of Appeals considered whether § 518(c) constituted a waiver of a school board's Eleventh Amendment immunity against a suit seeking $100,000 in damages brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. The court concluded that § 5-518 applied to the ADEA suit, noting that, "[b]y its plain language, § 5-518(c) . . . waives the defense of sovereign immunity 'to any claim of $100,000 or less.'" Zimmer-Rubert, 973 A.2d at 242. The court explained that such broad statutory language "cannot reasonably be read to exclude certain

7

categories of claims." Id. (internal quotation marks omitted). The court further noted that the statute's legislative history confirmed the conclusion that the statute applied to ADEA claims. See id. In that regard, the court pointed out that the Maryland House of Representatives had originally proposed that school boards be required to carry liability insurance only "for personal injury claims," but that language was later replaced by a requirement that the boards obtain "comprehensive liability insurance." See id. (internal quotation marks omitted). The court reasoned that that "change exemplifies the intent of the General Assembly to apply § 5-518(c) to all claims, including those for personal injury and alleged employment law violations." Id. The court further determined that the statute effected a waiver of not only the school board's sovereign immunity generally, but also its Eleventh Amendment immunity. See id.

Next, in Board of Education of Worcester County v. BEKA Industries, Inc., 989 A.2d 1181 (Md. Ct. Spec. App. 2010), the court considered a lawsuit against a county board of education based on a written contract the board entered into with a company ("BEKA") for the performance of some construction work. See id. at 1185. BEKA filed suit in state court, asserting both contract and tort claims. See id. at 1186-87. The trial court denied the school board's motion for judgment that was based, as

8

is relevant here, on a claim of sovereign immunity. See id. at 1188. BEKA subsequently obtained a $1.1 million judgment against the board, and the board appealed. See id. at 1190.

On appeal, the Maryland Court of Special Appeals recognized that in determining whether the doctrine of sovereign immunity applies in a particular case, the court must consider "whether the entity asserting immunity qualifies for its protection; and, if so, . . . whether the Legislature has waived immunity, either directly or by necessary implication, in a manner that would render the defense of immunity unavailable." Id. at 1195 (internal quotation marks omitted). Even if the entity qualifies for immunity protection and there has been a waiver, the waiver is effective only when "there are funds available for the satisfaction of the judgment or the agency has been given the power for the raising of funds necessary to satisfy recovery against it." Id. (internal quotation marks omitted). Concluding that a county board of education is a State agency entitled to the protection of sovereign immunity, see id. at 1196, the court turned to the question of whether the legislature had waived immunity by enacting § 5-518.

In analyzing the question, the court considered what effect Zimmer-Rubert had on the issue. The court noted that the broad "any claim" statement the Maryland Court of Appeals made in that decision was made in the context of an ADEA claim. See id. at

9

1199. Because discrimination is "a species of personal injury akin to tort," the court reasoned that an ADEA claim "involves personal injury." Id. Thus, the court explained that the broad language employed in Zimmer-Rubert "must be construed in the context of a tort related claim." Id. The court added that the Maryland Court of Appeals "did not address in that case, or in any other case that we have found, whether C.J.P. § 5-518 applies to contract claims." Id.

Turning to that question, the court decided that although § 5-518's language is broad, the language is ambiguous regarding whether it applies to contract claims. See id. The court emphasized that § 5-518 is "tied to the requirements of" § 4-105 of the Education Article of the Maryland Code, which mandates that "county boards . . . carry comprehensive liability insurance or be self-insured for property or casualty risks." Id. at 1199-1200. Since such insurance "generally covers claims for bodily injury and property damage, not breach of contract," the court concluded the broad "any claim" language must be read "in the context of liability insurance, which typically covers tort claims." Id. at 1200.

The court therefore undertook to discover whether the legislature intended § 5-518 to extend beyond tort claims. The court concluded that applicable legislative history suggested that the legislature intended to limit § 5-518's application to

10

tort claims. The court found that the applicable legislative history demonstrated that § 5-518's predecessor was enacted to waive the sovereign immunity defense to tort claims "to provide a remedy for students injured on school grounds" and was not intended to apply to contract claims. Id. The court noted that the predecessor statute required school boards to obtain liability insurance or to self insure for liability "limited to one hundred thousand dollars . . . for each injury." Id. at 1201 (emphasis added and internal quotation marks omitted). The court concluded that the use of the word "injury" was "consistent with an intent that the statute apply to tort, rather than contract, claims." Id. Additionally, the court considered that press reports indicated "that the [predecessor] bill was introduced in response to a catastrophic personal injury suffered by a student on school grounds." Id. The court determined that nothing in subsequent history suggested a legislative "intent to expand the scope of [the limited waiver of sovereign immunity] beyond tort claims." Id. at 1202. Indeed, the court specifically traced the origin of § 5-518's "any claim" language and concluded that nothing suggested that that language "was intended to change the scope of the waiver of the defense of sovereign immunity." Id.; see id. at 1202-03.

The court determined that prior caselaw also indicated that § 5-518 was not intended to extend beyond tort claims. The

11

court pointed to Charles E. Brohawn & Bros., Inc. v. Board of Trustees of Chesapeake College, 304 A.2d 819 (Md. 1973), which interpreted a provision similar to § 5-518. The court noted that in Brohawn, the Maryland Court of Appeals concluded that the statute affected only claims that would be covered by comprehensive liability insurance and thus did not apply to contract claims. See BEKA, 989 A.2d at 1203.

Based on the aforementioned considerations, the court held that "§ 5-518 is a legislative waiver of the defense of sovereign immunity for a county board of education only with respect to tort claims" and that "[i]t is not a legislative waiver of the defense for contract claims." Id. at 1204. "Thus," the court continued, "the language of § 5-518, limiting the liability of a self-insured board of education to $100,000, does not apply to BEKA's contract claims against the Board." Id.

Having determined that § 5-518 was not applicable, the court turned to the question of whether § 12-201(a) applied to school boards and constituted a legislative waiver of sovereign immunity. The court answered both questions in the affirmative. See id. at 1205. The court held that the record was not sufficient, however, to make a determination regarding whether there were funds available to satisfy a resulting judgment or

12

whether the school board had the authority to raise such funds. See id. at 1207.

The Maryland Court of Appeals subsequently granted certiorari to resolve several issues. See Beka Indus., Inc. v. Worcester Cnty. Bd. of Educ., 18 A.3d 890, 896 (Md. 2011). As is most relevant here, the court affirmed the lower court's rulings that § 12-201(a) constituted a legislative waiver of the school board's immunity and that § 5-518 did not apply to contract claims. See id. at 907. Like the intermediate appellate court, the Maryland Court of Appeals specifically determined that Zimmer-Rupert was silent regarding whether § 5-518 applied to contract claims:

> In Zimmer-Rubert, in the context of what we perceived to be a claim for personal injury resulting from an alleged age discrimination violation, we commented that the term "'any claim' [under § 5-518(c)] cannot reasonably be read to exclude certain categories of claims." Our interpretation of § 5-518(c) [there] was clearly in the context of a tort or insurable claim, such as "those for personal injury," and for claims arising from "alleged employment law violations." We did not imply in that case that C.J.P. § 5-518(c) applies to contract claims, nor did we address, by association, the meaning of C.J.P. § 5-518(b), to which [the school board] looks in the present case.

Id. (citations omitted).

Having summarized the relevant Maryland cases, we now consider the parties' respective arguments. Relying on the Maryland Court of Appeals decision in Beka, the Board Appellants

13

maintain that FLSA claims are, in actuality, contract or quasi-contract claims rather than tort or tort-related claims, and thus are not of the type to which § 5-518 applies. On the other hand, Plaintiffs rely on the statement by the Maryland Court of Appeals in the same case that § 5-518(c) applies to personal injury claims and "employment law violations," Beka, 18 A.3d at 907 (internal quotation marks omitted), and argue that an FLSA claim should be considered an employment law claim in this context. We agree with the Board Appellants.

The decisions of the Maryland appellate courts make clear that § 5-518's applicability turns on the type of claim asserted. The statute applies only to tort claims, such as personal injury actions, and tort-related claims, such as discrimination actions. The FLSA claim before us in this case does not fit that description. Unlike discrimination claims, which the Maryland courts have concluded are in the nature of personal-injury claims, see Beka, 18 A.3d at 907, FLSA claims "are contractual in their nature," Roland Elec. Co. v. Black, 163 F.2d 417, 426 (4th Cir. 1947). That is so because the FLSA's overtime provisions "are read into and become a part of every employment contract that is subject to" the FLSA's terms, and thus "[t]he liability of the employer [in an action under the FLSA for unpaid overtime] is for the wages due under working agreements which the federal statute compels employer and

14

employee to make." Id. In light of the contractual nature of the FLSA claim, we conclude that Maryland courts would not consider it to be an "employment law" claim in this context.

Because we conclude that § 5-518, as the Maryland courts have construed it, does not apply to Plaintiffs' FLSA claim, we hold that Maryland has not even partially waived the Board Appellants' Eleventh Amendment immunity against the claim. Thus, we reverse the district court's denial of the Board Appellants' motion to dismiss and remand for entry of judgment in their favor.

### III.

In sum, finding the district court erred in ruling that Maryland had waived the Board Appellants' right to Eleventh Amendment immunity as to the FLSA damages claim for up to $100,000, we reverse the district court's denial of the Board Appellants' motion to dismiss that claim and remand for entry of judgment in favor of the Board Appellants.

REVERSED AND REMANDED