**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-1918**

─────────────

MICHELE WILLIAMS,

Plaintiff − Appellant,

v.

MORGAN STATE UNIVERSITY; DEWAYNE WICKHAM, in his personal capacity,

Defendants – Appellees.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:19−cv−00005−GLR)

─────────────

Argued: September 16, 2022                         Decided: October 13, 2022
                        Amended: October 19, 2022

─────────────

Before WILKINSON, WYNN, and DIAZ, Circuit Judges.

─────────────

Question certified to the Court of Appeals of Maryland by unpublished order.

─────────────

**ARGUED:** Daniel Edward Kenney, DK ASSOCIATES, LLC, Chevy Chase, Maryland, for Appellant. Ann M. Sheridan, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees. **ON BRIEF:** Morris E. Fischer, MORRIS E. FISCHER, LLC, Silver Spring, Maryland, for Appellant. Brian E. Frosh, Attorney General, Catherine A. Bledsoe, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

─────────────

---

ORDER

---

PER CURIAM:

In this appeal, Michele Williams challenges the district court's grant of Morgan State University's motion to dismiss. Because the determinative issue hinges on a novel question of Maryland state law, we certify the following question to the Court of Appeals of Maryland:

> Does the waiver of sovereign immunity for "tort action[s]" in the Maryland Tort Claims Act, Md. Code Ann., State Gov't § 12-104(a)(1), extend to federal statutory claims, including those where the alleged harm is wrongful termination in retaliation for whistleblowing?

We acknowledge that the Court of Appeals of Maryland may reformulate this question. Md. Code Ann., Cts. & Jud. Proc. § 12-604.

I.

The Amended Complaint alleges these facts:

Between 2014 and 2017, Williams worked as Director of Broadcast Operations at Morgan State University, where she was responsible for the oversight and management of the University's radio and television stations. In the lead-up to Baltimore's 2016 mayoral election, Williams organized a debate between the candidates. When the incumbent Democratic candidate, Catherine Pugh, could no longer attend, Dean DeWayne Wickham instructed Williams to cancel the debate. Wickham's instruction conflicted with prior guidance that non-attending candidates be given on-air interviews to replace debate time,

2

and Williams alleges that Wickham canceled the debate at Pugh's request. Wickham also allegedly voiced displeasure when Williams granted requests for airtime to Republican and Green Party candidates, threatening that things would "not end well" for Williams. J.A. 20. Williams believed Wickham's actions violated the Hatch Act, Federal Communications Commission regulations, and other state and federal laws, and she complained to the University.

Williams also repeatedly complained to Wickham and other University leaders that Morgan State was intentionally including inflated expense figures in reports to state and federal agencies to secure larger grants and "pad the University's funding." J.A. 21. Williams alleges that her complaints about the 2016 mayoral election and the misreporting of funds led to her 2017 termination.

Williams brought wrongful-termination and defamation claims against the University and Wickham in state court. She also pursued federal whistleblower claims under the National Defense Authorization Act, 41 U.S.C. § 4712, and the American Recovery and Reinvestment Act, Pub. L. No. 111-5, § 1553, 123 Stat. 115, 297–302 (2009). After exhausting her administrative remedies with the appropriate federal agencies, Williams amended her complaint to allege federal whistleblower-retaliation claims. The University removed the action to the U.S. District Court for the District of Maryland.

On the University's motion, the district court dismissed Williams's suit, holding that her federal claims were barred by Eleventh Amendment immunity. *Williams v. Morgan State Univ.*, No. GLR-19-5, 2019 WL 4752778, at *5–6 (D. Md. Sept. 30, 2019).

Williams appealed, and we vacated the district court's dismissal of Williams's federal claims in an unpublished opinion. *Williams v. Morgan State Univ.*, 850 F. App'x 172, 174 (4th Cir. 2021). We concluded the University's Eleventh Amendment immunity didn't apply under the circumstances but remanded for consideration of whether Maryland's state sovereign immunity barred Williams's claims. *Id.* at 173–74. That immunity is "broader" than Eleventh Amendment immunity and isn't waived when a state removes a suit to federal court. *Id.* at 174.

On remand, the district court again dismissed Williams's federal claims, holding that Maryland hadn't waived its sovereign immunity for federal statutory causes of action. *Williams v. Morgan State Univ.*, No. GLR-19-5, 2021 WL 3144890, at *6 (D. Md. July 26, 2021). This appeal followed.

While neither party has moved for certification, we raised the possibility at oral argument and both parties agreed certification would be appropriate.

## II.

The Maryland Uniform Certification of Questions of Law Act permits the Court of Appeals of Maryland to answer a question of law certified by this court when (1) the answer "may be determinative of an issue in pending litigation" and (2) there is no existing state "appellate decision, constitutional provision, or statute" that controls. Md. Code Ann., Cts. & Jud. Proc. § 12-603. Both criteria are satisfied here.

First, the question of whether the "tort action" waiver in the Maryland Tort Claims Act ("MTCA") covers Williams's federal statutory claims will determine whether those

4

claims can proceed.  The University is an instrumentality of the state, Md. Code Ann., Educ. § 14-101(a)(2), to which Maryland's sovereign immunity applies unless validly abrogated by Congress or waived by the state, *see Passaro v. Virginia*, 935 F.3d 243, 247 (4th Cir. 2019).

Williams concedes that neither the National Defense Authorization Act nor the American Recovery and Reinvestment Act abrogates Maryland's sovereign immunity. Instead, she argues that the Maryland General Assembly waived immunity for her claims through the "tort action" waiver in the MTCA:

> Subject to the exclusions and limitations in this subtitle and notwithstanding any other provision of law, the immunity of the State and of its units is waived as to a tort action, in a court of the State, to the extent provided under paragraph (2) of this subsection.

Md. Code Ann., State Gov't § 12-104(a)(1).[*]

The district court held that the MTCA's waiver didn't encompass Williams's federal whistleblower claims, concluding that "the phrase 'tort action' has an ordinary meaning and it does not include federal statutory causes of action." *Williams*, 2021 WL 3144890, at *6 (citing *Bd. of Educ. of Balt. Cnty. v. Zimmer-Rubert*, 973 A.2d 233, 241 (Md. 2009)). The sole issue on appeal is whether that conclusion was correct.

Second, there is no conclusive state appellate precedent or statute that controls.  The MTCA doesn't define "tort action."  And while some cases from the Court of Appeals of

---

[*] Paragraph (2) limits liability to $400,000 per claimant for injuries arising from a single incident or occurrence and sets aggregate limits on liability arising from "intentional tortious acts or omissions or a violation of a constitutional right committed by a law enforcement officer." *Id.* § 12-104(a)(2).

Maryland suggest "tort action" should be read broadly, the Court of Appeals has never addressed the specific question of whether Section 12-104's waiver covers federal statutory claims.

For example, Williams cites *Lee v. Cline*, in which the Court of Appeals determined that a separate provision of the MTCA, which grants qualified immunity to state personnel for "tortious act[s] or omission[s]," extends to claims of state constitutional violations and intentional torts. 863 A.2d 297, 302 n.1, 303 (Md. 2004). The Court of Appeals emphasized that the text of the MTCA has no exceptions for intentional or constitutional torts and stated its "reluctan[ce] to recognize exceptions in a statute when there is no basis for the exceptions in the statutory language." *Id.* at 304. But as the University argues, *Lee* involved claims brought under state rather than federal law and thus doesn't resolve the issue before us.

Other cases discussed by the parties similarly don't control. *See, e.g.*, *Espina v. Jackson*, 112 A.3d 442, 450 (Md. 2015) (damages cap in Maryland's Local Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc. § 5-303(a), which applies to claims based on "tortious acts and omissions" of local government employees, extends to state constitutional torts); *Green v. N.B.S., Inc.*, 976 A.2d 279, 286–88 (Md. 2009) (non-MTCA statutory damages cap for "victim[s] of tortious conduct" applies to a claim brought under Maryland's Consumer Protection Act); *Lopez v. Md. State Highway Admin.*, 610 A.2d 778, 779 (Md. 1992) (plaintiff bringing claim against state agency under Maryland's wrongful death statute was required to comply with the procedural requirements of the MTCA).

We believe this appeal raises a question of Maryland law for which there is no controlling precedent. And we have said that "a state's highest court is entitled to say what that state's law is on the question of consent to suit in federal court." *Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 252 (4th Cir. 2012). Given the weighty concerns of state sovereign immunity at issue and our obligation to respect the "sovereign dignity" of the states, *Alden v. Maine*, 527 U.S. 706, 715 (1999), we believe whether Maryland has waived immunity for Williams's claims is best answered by the Court of Appeals of Maryland.

III.

Accordingly, we hereby ORDER: (1) that the question stated above be certified to the Court of Appeals of Maryland for answer with Michele Williams treated as the appellant in the certification procedure; (2) that the Clerk of this Court forward to the Court of Appeals of Maryland, under the official seal of this Court, a copy of this Order, together with the original copies of the record before this Court to the extent requested by the Court of Appeals of Maryland; and (3) that the Clerk of this Court fulfill any request for all or part of the record simply upon notification from the Clerk of Court of the Court of Appeals of Maryland.

Entered at the direction of Judge Diaz with the concurrence of Judge Wilkinson and Judge Wynn.

*QUESTION CERTIFIED*

FOR THE COURT

Albert Diaz
Circuit Judge

8